STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Adams | } | Docket No. 145-9-03 |
| | Vtec | |
| | } | |
| | } | |

Decision and Order

Appellant John Tracy Adams appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fair Haven upholding a Certificate of Occupancy for Appellee-Applicant Lorraine Brown's home occupation costume rental business, and omitting to rule on a complaint of zoning enforcement regarding that business. Appellant appeared and represented himself; Appellee-Applicants Lorraine[1] and Jay M. Brown are represented by Christopher T. Corsones, Esq.; and the Town is represented by William J. Bloomer, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written memoranda and requests for findings. Upon consideration of the evidence and of the written memoranda and requests for findings filed by the parties, the Court finds and concludes as follows.

In late 2001, Appellee-Applicant Lorraine Brown applied for a zoning permit to operate a costume rental business as a home occupation in an accessory building (barn) on property owned by her at 47 South Main Street in Fair Haven in the Residential zoning district. The zoning administrative officer referred the application to the Planning Commission for site plan approval consideration under §401(5) and to act on a related application for a home occupation sign. Appellee-Applicant Jay Brown operates a preexisting excavation business from the property as well.

After an initial denial by the Planning Commission, Appellee-Applicant submitted a revised proposal to use 25% of the accessory building (approximately half the downstairs) for customer greeting and for selection of costumes and picking up and returning costumes, including a sewing machine for repair, and to use the remainder of the accessory building for her personal sewing room (the remainder of the downstairs) and for the storage of her "personal collection of vintage attire" (upstairs). She added to the application a proposal for a 7½' x 18½' open deck on the south side of the accessory building. Appellee-Applicant also applied to the Planning Commission for approval of a three-square-foot home occupation sign to be flush-mounted to the principal building.

Appellee-Applicants have an antique dump truck that has been housed on the property since the late 1940s. Appellee-Applicant moved this dump truck into the front

yard of the property, in view of both Main Street and Academy Street.  Appellee-Applicant decorates the dump truck with seasonal holiday displays but without signs or lettering.

Appellee-Applicant also placed the trailer portion of a tractor-trailer next to the accessory building, and installed a set of steps for access to the trailer.  No testimony was elicited from Appellee-Applicant at trial regarding whether the trailer was used for storage of costumes or other materials in connection with the costume rental business.  The home occupation permit application did not refer to the storage trailer.

The Planning Commission approved the home occupation and the sign at its meeting on March 5, 2002.  At that meeting, the Planning Commission did not address site plan approval for the proposal, and did not make the findings at that meeting required by §419(A)(4) for waiver of site plan approval for "minor changes, additions, or other land development to [sic] existing uses."

The zoning administrative officer issued the zoning permit (#P2002-9) on March 14, 2002.  That permit allowed for the use of 25% of the accessory building for the costume rental home occupation, that is, for the greeting of customers, picking out and picking up rental costumes.[2]  It also allowed the installation of a three-square-foot home occupation sign, to be flush-mounted to the principal building.  It also allowed for the construction of a 7½' x 18½' open deck on the first floor of the building.  It did not address either the decorated dump truck or the storage trailer.  Appellee-Applicant has

operated the business from the home occupation location at least since the issuance of the zoning permit.

No party appealed either the Planning Commission's <u>de</u> <u>facto</u> decision to waive site plan approval or its decisions approving the home occupation and the sign, and no party appealed the issuance of the zoning permit. These decisions therefore became final and are not before the Court in the present case. The home occupation and sign approval and associated zoning permit may, however, be enforced according to their terms. See <u>Town of Bennington v. Hanson-Walbridge Funeral Home, Inc.</u>, 139 Vt. 288, 292-93 (1981). On June 20, 2002, Appellee-Applicant filed her application for a certificate of occupancy. The Zoning Administrative Officer is Phil Adams, Appellant's brother. At the inspection in June of 2002, he declined to issue a Certificate of Occupancy due to the issue of whether the use of the storage trailer in connection with the home occupation was a violation of the Zoning Permit. Appellee-Applicants requested his recusal, and in July 2002, David Eighmey was appointed as Temporary Zoning Administrative Officer regarding this application.

Over the course of the fall and winter of 2002, the Temporary Zoning Administrative Officer investigated and reported to the Planning Commission whether there were violations at the property. He did not issue a Certificate of Occupancy due to the

failure of the sign to be "flush-mounted" to the building, and due to his efforts to investigate whether the storage trailer was registered[3] as a vehicle.

On March 17, 2003, Appellant filed a "complaint of zoning violation," alleging as violations that a home occupation was being operated without a certificate of occupancy, that the sign was not as permitted and had been moved, that goods were being stored outside the home occupation building; and that the truck was being used as a sign. Appellant timely appealed to the ZBA the Temporary Zoning Administrative Officer's failure to act on his March 17, 2003 complaint of zoning violation, and appealed the ZBA's decision in that matter to this Court in the present appeal.

As of May 7, 2003 Appellee-Applicant had mounted the approved "Fabian's Costumes & Tuxedos" sign so that it hung from the eaves of the front porch of the house. While the sign itself was as approved and no more than 3 square feet in area, it was backed by a larger solid green surface hanging or mounted behind it, and was not mounted flush to a surface of the house or its porch.

On May 7, 2003, the Temporary Zoning Administrative Officer issued a Certificate of Occupancy for Appellee-Applicant's home occupation and sign. The "comments" section filled out by the Temporary Zoning Administrative Officer stated: "All potential violations have been corrected. Applicant is in total compliance as per permit of 2-28-02 and as per consultation with the town attorney." Appellant timely appealed the issuance

of the Certificate of Occupancy to the ZBA, and appealed the ZBA's decision to this Court in the present appeal.

On or about June 24, 2003, Appellee-Applicant removed the approved home occupation sign and it is no longer displayed on the property. Instead, Appellee-Applicant has placed a series of three signs, one below the other, hanging from a line or wire on the property, as well as a larger red, white and blue banner stating "OPEN." Each of the three signs contains a large arrow; all the arrows point in the same direction. The topmost sign states "FABIAN'S PARKING;" the middle sign states "COSTUMES;" and the bottom sign states "TUXEDOS." Appellant does not dispute that each of the three smaller signs contains an area of two square feet or less.

A home occupation is defined in §140 of the Zoning Regulations as the "commercial use of not more than 25% of a residence or residential accessory building by the resident for an occupation which does not change the character of the residential district." Section 401(5) lists "handicraft shop, workshop, beauty shop [and] professional office" as "[e]xamples of generally accepted home occupations in Fair Haven."

Under §401(5) a home occupation requires both site plan approval from the Planning Commission and a zoning permit. Under §419(A)(4) the Planning Commission can exempt from site plan approval:

[m]inor changes, additions, or other land development to existing uses which the Planning Commission determines after a review of a properly[-]submitted application, will have no significant impact upon adequacy of traffic access, circulation and parking, or landscaping and screening.

Both the Planning Commission's decision not to require site plan review and the zoning permit became final without appeal and are not before the Court in this appeal. All that is before the Court is whether Appellee-Applicant's home occupation business was in compliance with its permit and with the requirements of the Zoning Ordinance so as to warrant upholding the issuance of the Certificate of Occupancy, and whether the ZBA should have taken action on Appellant's request for zoning enforcement.

To qualify or continue to qualify as a home occupation, any home occupation must meet the terms of its permit, but must also continue to meet the 25% limitation in §104 and continue to meet the remaining criteria in §401 of the Zoning Regulations. Section 401 requires that the business be operated wholly within the principal building or accessory building; that not more than two persons who are not residents of the dwelling be employed in the business; that it not generate obnoxious or excess noise, smoke, vibration, dust, drainage, glare, odors, electrical interference or heat that is detectable at the boundaries of the lot on which the dwelling is located shall not be generated; that it not generate traffic in substantially greater volume than would normally be expected in the

neighborhood; that no storage or display of goods occur outside the existing buildings; that off-street parking is provided as required in §413; and that any signs are regulated according to §415.

Appellee-Applicant's costume rental business does not change the character of the residential district. Several other commercial uses are located in the vicinity, and the commercial district begins across the street. Except at Halloween and leading up to prom events in May, only two or three vehicles per day come onto the property related to the home occupation. During those periods, eight to ten vehicles per day come onto the property related to the home occupation. There is ample on-site parking for the vehicles related to the home occupation. Due to the location of the property on Route 22A, the volume of traffic does not change the character of the residential district, and does not generate traffic in substantially greater volume than would normally be expected in the neighborhood.

Unless the storage trailer is being used for the storage of costumes or other materials rented out or used in the business, the business operates wholly within the accessory building. No storage or display of goods occurs outside the existing buildings.

The home occupation does not involve any employees who are not residents of the dwelling. It does not generate obnoxious or excess noise, smoke, vibration, dust, drainage, glare, odors, electrical interference or heat that is detectable at the boundaries of

the lot. More off-street parking than the two spaces required by §413 is provided for the home occupation.

The accessory building housing the home occupation has 543.25 square feet on each of two floors for a total square footage of 1,086.5 square feet, a quarter of which is 271.62 square feet. If, as approved in the permit, only half of the first floor is used for only those elements of the home occupation approved in the permit (that is, the greeting of customers and the picking out and picking up of rental costumes), then the home occupation continues to occupy less than 25% of the total square footage of the accessory building.

The signs for the home occupation are regulated according to §415. The antique truck that is parked on the premises is decorated appropriately to various holidays, and at least at Halloween is used to call attention to Appellee-Applicant's property and to her business. The definition of the term "sign" in §104 of the Zoning Regulations is written very broadly, to include any display used to call attention to any "thing, person, business or place." It does not require that the display use lettering in order to be considered a sign. However, under §415(4), signs on registered and inspected motor vehicles are allowed without a permit, and under §415(1), commercial[4] signs are allowed if approved by the Planning Commission. The questions of whether the truck is registered and inspected, or would be approved for a permit, are not before the Court at this time.

Section 415 and §415(1) require that signs for home occupations obtain a permit. Such signs must not exceed three square feet in area and must be attached to a building. The "Fabian's Costumes & Tuxedos" sign approved in the sign permit was of the appropriate size and was attached to the eaves of the front porch of the house. It therefore met the requirements of the Zoning Ordinance, even though it did not meet the requirement of the zoning permit that it be flush-mounted. Because as of the time of trial it had been entirely removed, we need not address whether the green background hanging behind it rendered it larger than the approved size.

Section 415(1) also allows small signs (each having an area of not more than two square feet) to be displayed without a permit, if they are "displayed for the direction, instruction or convenience of the public, meaning signs which identify restrooms, freight entrance, customer parking, restricted areas and the like." Under this definition, the sign that directs customers to "FABIAN'S PARKING" would be allowed, if it is smaller than two square feet in area, as would the "OPEN" banner[5]. On the other hand, the signs stating "COSTUMES" and "TUXEDOS" are not primarily directional in nature, despite their arrows, as they do not add any information for the convenience of the public, but instead serve only to advertise the business. They do not qualify for the small directional sign exemption. It is possible that they could be approved by the Planning Commission as on-

premises commercial signs, but the question of whether it is eligible for approval is not before the Court at this time.

Although the operation of the business between mid-March of 2002 and May of 2003 was in violation due to the lack of a certificate of occupancy, that violation was cured as of the issuance of the Certificate of Occupancy. The only effect of the five-day period in §540(B) is to require the Administrative Officer to inspect within five days of having been notified by the applicant that the premises are ready for inspection. In the present case, as deficiencies were found, the Administrative Officer was not required to issue the Certificate of Occupancy until and unless those deficiencies were remedied.

As of the issuance of the certificate of occupancy on May 7, 2003, Appellee-Applicant's use of the property as a home occupation was not in fact in compliance with the zoning permit, due to the failure of the sign to be flush-mounted to the building. Therefore the Certificate of Occupancy should not have been issued until that sign was taken down. As of the removal of the sign, Appellee-Applicant's use of the property as a home occupation came into compliance with the zoning permit. Therefore, the Certificate of Occupancy was properly issued unless the storage trailer was being used for the storage of costumes or other materials rented out or used in the business.

Regarding the request for enforcement action, as of the date of trial, Appellee-Applicant's use of the property was in conformance with its zoning permit, unless the

storage trailer was being used for the storage of costumes or other materials rented out or used in the business, as the zoning permit does not provide for the business use of any other accessory structure.

However, as of the date of trial, Appellee-Applicant's use of the property failed to comply with the Zoning Ordinance in several respects.  First, if the storage trailer is being used for the storage of costumes or other materials rented out or used in the business, it does not comply with the 25% limitation in the definition of "home occupation" in §104, and does not comply with the requirement in §401(1) that the home occupation be operated wholly within the accessory building.  Moreover, as of the date of trial, Appellee-Applicant's use of the property did not comply with §401(8) and §415(1) relating to the exemption for small signs (under 2 square feet in area) displayed for the direction, instruction or convenience of the public.  As discussed above, even if the two small signs stating "COSTUMES" and "TUXEDOS" meet the size limitation, they do not qualify on a functional basis, and the "OPEN" sign appears to be beyond the size limitation for such signs.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's appeal of the Certificate of Occupancy is DENIED, but that Appellant's appeal of the Town's failure to take enforcement action with respect to the operation of Appellee-

Applicant's home occupation is GRANTED, concluding this appeal. This matter is HEREBY REMANDED to the Temporary Zoning Administrative Officer for investigation and any appropriate action on Appellant's request for enforcement, with regard to any present violations.

Dated at Berlin, Vermont, this 21ˢᵗ day of March, 2005.

_____

Merideth Wright
Environmental Judge

---

[1]  The term 'Appellee-Applicant' is used in the singular in this decision to refer to Lorraine Brown.

[2]  We note that in the permit application the entire upstairs of the building was proposed to be used for storage of Appellee-Applicant's personal' costume collection, and that therefore under the permit as approved the upstairs space is not approved for storage of costumes proposed to be rented out in the business.

[3]  No party argued that the storage trailer, which falls within the definition of 'structure' in the Zoning Ordinance, qualified for any sort of exemption based on whether it was registered for over-the-road use.

[4]  The use category of 'home occupation' is defined as the 'commercial use' of a portion of a residence.

[5] From the picture in evidence, it appears that the "OPEN" banner is actually larger than total area of all three of the so-called 'small' signs. The Zoning Ordinance does not contain an exemption for such banners. Rather, all on-premises commercial signs must be approved by the Planning Commission. There was no evidence suggesting that the "OPEN" banner had received such approval; the question of whether it is eligible for approval is not before the Court at this time.